CAMDEN COUNTY CIRCUIT COURT.

### DOCK GREEN AND BERTHA ROSS, PLAINTIFFS, v. MICHAEL J. DOLIN, DEFENDANT.

Abatement—Action in Tort—Substitution of Executrix as De-
fendant of a Deceased Non-resident Who, Previous to His
Death, Had Been Duly Served and Had Answered—Held,
That an Executor Cannot be Sued in a Foreign State Unless
There Has Been Conferred Statutory Power and That No
Such Statute Has Been Shown in New Jersey Giving Plain-
tiff Right to Suggest the Death of Foreign Defendant and
Involuntarily Bring Executor Into the State to Defend.

Action at law.

For the plaintiffs, *Walter S. Keown* and *George D. Rother-
mel.*

For the defendant, *Starr, Summerill & Lloyd.*

DONGES, J. Motion is made by plaintiffs to suggest the
death of defendant upon the record and to proceed against
his executrix for damages for personal injuries sustained
through the alleged negligence of the defendant in the opera-
tion of an automobile.

For the purposes of this motion, it is stipulated that the
defendant died after the cause came at issue, following the
filing of an answer by him; that, at the time the cause of
action arose, and thereafter until his death, defendant was a
resident of Philadelphia, in the State of Pennsylvania; that,
thus domiciled in Pennsylvania, his last will and testament
was proved in Philadelphia and his widow appointed execu-
trix thereunder; no letters have been granted in this state,
and, so far as appears, the executrix has taken no steps or
action in this state.

Can the foreign executrix be involuntarily added as a party
to this suit?

It is settled that an executor cannot be sued in a foreign state, unless power to be sued has been conferred by statute. *Durie* v. *Blavelt*, 49 *N. J. L.* 114; *Rusling* v. *Brodhead*, 55 *N. J. Eq.* 200; *Babbitt* v. *Fidelity Trust Co.*, 70 *Id.* 651.

Foreign executor may by filing an exemplified copy of his letter, bring suits in the courts of this state. *Pamph. L.* 1896, *p.* 173; *Comp. Stat., p.* 2265, *pl.* 21, § 1.

My attention has not been directed to any statute, nor have I been able to discover any giving a plaintiff the right to suggest the death of defendant and unvoluntarily bring a foreign executor into the courts of this state to defend an action of this kind. Section 3 of the Abatement act (*Comp. Stat., p.* 4) provides that the death of defendant may be suggested upon the record, the name of the executor or administrator entered upon the record, and the action proceed to judgment in any case where the executor or administrator might originally have been sued. In the instant case, the action could not have been maintained in this state against the foreign executrix of the defendant. Therefore, it follows that the action cannot be prosecuted in this state against her.

The motion is denied.